# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

December 8, 2005

Ms. Catherine Travis
601 SW 2nd Avenue, Suite 2100
Portland, OR 97204

Mr. Douglas Schultz
PO Box 1147
Eugene, OR 97440

RE: ERIC R.T. ROOST, TRUSTEE v. LUMBER SOURCE, INC.
Adversary Proceeding No. 05-6133-fra

Dear Counsel:

Defendant filed a "Motion for Stay of Proceedings Due to Another Action Pending," invoking Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976). A hearing was held on November 3, 2005, at which the parties presented their arguments, and the matter was taken under advisement. For the reasons that follow, Defendant's motion will be denied.

Plaintiff's complaint seeks a declaration that the assets of Lumber Source are in fact property of the estate subject to turnover. Paragraph 7 of the complaint alleges as follows:

7.

At all times material hereto, Lumber Source was a mere successor corporation to Lumber Sales, and Lumber Source and its assets, if any were and are subject to all of the liabilities of Lumber Sales for one or more of the following reasons:

a. There was an express or implied assumption of liability of Lumber Source for the obligations of Lumber Sales;

b. There was a transaction pursuant to which all or substantially all of the assets and business opportunities of Lumber Sales were transferred to Lumber Source, which transaction amounted to a consolidation, merger, or similar restructuring of Lumber Sales and Lumber Source;

  c. Lumber Source was a mere continuation of Lumber Sales;

  d. The transfer of all or substantially all of the assets and business opportunities of Lumber Sales to Lumber Source was for the fraudulent purpose of attempting to escape liability for the obligations of Lumber Sales.

The complaint goes on to allege that, based on the foregoing, and 11 U.S.C. § 541(a), the property of Defendant Lumber Source constitutes property of the estate of the Debtor, Lumber Sales, Inc.

In an action before the Circuit Court for Lane County, Case No. 16-04-12601, Washington Mutual Bank, a creditor in this bankruptcy, initiated an action against Defendant and Lumber Sales Company, LLC, among others. As set out in Defendant's motion herein, paragraph 7 of Washington Mutual's reply to a counterclaim made by Lumber Source contains exactly the same language as set out in paragraph 7 of the complaint.

The counterclaim to which the affirmative defense was raised is not included in the record now before this Court.

Defendant asserts that the essential issue, whether Lumber Source is a "mere successor corporation to Lumber Sales," is exactly the same in each case, and its determination in either case will have a preclusive effect on the other. Not desiring to litigate the same issue twice, Defendant asks this Court to stay its proceedings.

Defendant relies on the so-called Colorado River Doctrine, established in <u>Colorado River Water Conservation Dist. v. U. S.</u>, supra. The doctrine gives a federal trial court discretion to stay its proceedings in a matter in deference to parallel proceedings in another court. Current Ninth Circuit cases concerning the doctrine were synthesized by Judge Hubel in <u>McElmurry v. U.S. Bank</u>, 2004 WL 1675925 (D.Or. 2004), in which he lists a number of factors a federal court is to consider in making a <u>Colorado River</u> determination.

The principal and dispositive element of any analysis under <u>Colorado River</u> is a determination as to whether the expected State Court judgment will resolve all the issues before the Federal Court. <u>McElmurry</u>, 2004 W.L. at 5, citing to <u>Holder v. Holder</u>, 305 F.3d 854, 870 (9th Cir. 2002); <u>Intel Corp. v. Advance Microdevices, Inc.</u>, 12 F.3d 908, 913 (9th Cir. 1993). As the <u>Intel</u> Court put it, "[i]f there is any substantial doubt" as to whether the parallel State Court litigation will provide a "complete and prompt resolution of the issues between the parties" in Federal Court, <u>Colorado River</u> abstention is inappropriate.

To say the least, this Court entertains substantial doubts as to whether the State Court litigation will so thoroughly resolve the disputes between the parties in this Court as to leave this Court nothing to do:

1. Given the absence from this record of the counterclaim referred in the State Court proceeding, this Court cannot accurately predict exactly what the scope of a judgment in the

District Court will be. It may be that the successful interpellation of an affirmative defense will do nothing more than thwart the undescribed claim of Lumber Source, without establishing whether, under 11 U.S.C. § 541, Lumber Sources's assets are subject to turnover to the Lumber Sales bankruptcy trustee.

    2. In a series of cases beginning with <u>In re Gruntz</u>, 202 F.3d 1074 (9th Cir. 2000), and including <u>In re Dunbar</u>, 245 F.3d 1058 (9th Cir. 2001) and <u>In re McGhan</u>, 288 F.3d 1172 (9th Cir. 2002), the Court of Appeals for the Ninth Circuit has repeatedly held that the Bankruptcy Court should not defer to State Courts on matters of core jurisdiction, such as the determination of property of the estate. If there is substantial doubt as to whether the State Court may conclusively determine the issues raised by the Trustee, or if such determination is subject to collateral attack in this Court, the <u>Colorado River</u> standard expressed in <u>Holder</u> and <u>Intel</u> cannot be satisfied.

    Accordingly, Defendant's motion for an order staying the above-captioned proceedings is denied. This memorandum constitutes the Court's findings of fact and conclusions of law. An order consistent with the foregoing has been separately entered.

        Very truly yours,

        FRANK R. ALLEY, III
        Bankruptcy Judge

FRA:bdi